PEOPLE'S SAVINGS BANK & TRUST CO. v. ROGERS.

(Circuit Court of Appeals, Fifth Circuit. March 29, 1910.)

No. 1,921.

1. RECEIVERS (§ 202*)—ADMINISTRATION OF ESTATE—HEARING.

Where, in proceedings before a master to audit and hear objections to a receiver's account, a bank intervened to prove its account for money alleged to have been borrowed by the receivers under order of court, it was error to render a decree against the bank, requiring it to return a payment made by the receiver, without pleadings or process against the bank, or its being awarded its day in court.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 403; Dec. Dig. § 202.*]

2. RECEIVERS (§ 155*)—BORROWING MONEY—ORDERS—PRIORITY.

A receiver, authorized to complete certain contracts, was authorized to borrow from time to time $5,000, and to execute notes in his official capacity which would constitute a first lien on the estate. Thereafter he was authorized to borrow $1,000 to purchase certain appliances, and again to borrow $5,000 more, and to issue receiver's certificates therefor. Held, that such orders should be construed together, and created a preference

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for such loans to the amount of $11,000, but did not establish for the receiver a continuing credit; the authority being exhausted on a loan to the amount specified being negotiated.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 287; Dec. Dig. § 155.*]

3. RECEIVERS (§ 97*)—BORROWING MONEY—RENEWAL OF NOTES.

Where a receiver, authorized to borrow money, had not sufficient funds to take up the original notes when due, their renewal according to the custom of banks did not work a change in the original loan.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 181; Dec. Dig. § 97.*]

4. RECEIVERS (§ 163*)—PAYMENTS—COURT ORDER—VIOLATION—EFFECT.

Where a bank loaned money to a receiver under court orders entitling it to a preference, the fact that the receiver made payment to the bank on such date in violation of an order directing that he pay out no more money until further order of the court could not preclude the bank from offsetting its privileged indebtedness, if any, as against such payment.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 312; Dec. Dig § 163.*]

Appeal from the District Court of the United States for the Northern District of Alabama.

Receivership proceedings against C. M. Burkhalter & Co. From an order disallowing an alleged preferred claim filed by the People's Savings Bank & Trust Company, and from a decree against the bank, it appeals. Reversed and remanded.

James Weatherly, for appellant.

John London, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge. In this case it seems that F. H. Allison was appointed co-receiver of C. M. Burkhalter & Co. on December 3, 1903, for the express purpose of completing certain contracts; the other receiver having been appointed some time previously. By the same order he was authorized to borrow money to carry on the work; the order reading:

"It is further ordered, adjudged, and decreed, as it may be necessary for the said receiver, Allison, to borrow money to carry out this decree, that he be authorized to borrow from time to time the sum of $5,000, or so much thereof as may be necessary, for which he may execute notes in his official capacity as receiver, which shall constitute a first and prior lien upon the estate of the said C. M. Burkhalter & Co."

On March 10, 1904, he was further authorized to borrow $1,000 with which to purchase steam drills and a boiler, and on June 20, 1904, he was again authorized to borrow $5,000 by the following order:

"This cause coming on to be heard upon the petition of F. H. Allison, receiver of C. M. Burkhalter & Co., praying for an order authorizing him to borrow the sum of $5,000, temporarily, to carry on said contract, which he is now carrying on under the order of this court, and now being duly considered by the court, it is ordered, adjudged, and decreed that said F. H. Allison, as receiver of C. M. Burkhalter & Co., be and he is hereby authorized and empowered to borrow said sum of money, namely, $5,000, and, if necessary, to borrow that amount, and issue receiver's certificates therefor."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Under the authority of these three orders Allison negotiated various loans from the People's Savings Bank & Trust Company, appellant herein, and on April 15, 1905, filed an account as receiver, on which he placed appellant as preferred creditor for $11,000. After filing his account, Allison paid the bank $4,285.55, on April 26, 1905, and then seemed to disappear from the scene, as Thos. M. Rogers, appellee, was apparently appointed to succeed him.

Certain creditors objected to the account, and it was referred to a special master to audit and to hear the objections. Into these proceedings the bank interjected itself, presumably for the purpose of proving the correctness of the account, with the result that the master denied its claim for $11,000 as a preferred creditor, found that it was entitled to $600, but only as an ordinary creditor, and recommended that it be required to turn over to the receiver the sum of $4,285.55, paid it by Allison on April 26, 1905.

This last recommendation the master seems to have based on the assumption that the court had issued an order on March 29, 1905, directing that Allison pay out no money for any purpose whatever until the further orders of court. Exceptions were taken to the master's report, but after trial by the court the report was confirmed, and a decree was entered against the bank in the sum of $4,285.55, with interest, the whole amounting to $5,038.27, and the bank was ordered to pay the said sum to Thos. M. Rogers, appellee.

The record before us is incomplete and unsatisfactory and we cannot determine from it whether the bank is entitled to anything or not. It seems clear, however, quoad the decree ordering it to pay over the sum of $5,038.27, appellant has had no day in court. The bank merely appeared before the master by counsel, for the purpose of offering evidence to support the account as to the amount allowed it by the receiver, and without pleadings or process a money judgment has been rendered against it.

The orders authorizing the receiver to borrow money must be considered together, and undoubtedly create a preference for the amount of $11,000; but they do not establish for him a continuing credit, which was the construction given them by the bank.

Some of the notes seem to have been renewed at maturity without actual payment. If the receiver had not sufficient funds to take up his original notes when due, their renewal according to the usual custom of banks would work no change in the original loan. But when the amount authorized by each order had been once repaid the transaction was at an end, and any loan thereafter made to the receiver by the bank is not entitled to preference.

While the payment of $4,285.55, on April 26, 1905, was in violation of the court's order, still, if at the time there was anything due the bank as a privileged creditor, it would be idle not to permit the bank to offset it as against this payment.

The decree herein is reversed, and the cause is remanded, with instructions that it be referred to the special master to restate the account between the bank and the receiver in conformity with these views.