## In re C. M. BURKHALTER & CO.

### ROGERS v. PEOPLE'S SAVINGS BANK & TRUST CO.

(District Court, N. D. Alabama, S. D. May 11, 1910.)

1. RECEIVERS (§ 129*)—RECEIVERS'S CERTIFICATE—PAYMENT.

Where a receiver's certificate promised to pay only from a fund in court in process of administration, and payment in full was conditioned on the sufficiency of the fund to answer all claims of equal priority, the certificate was not an absolute promise to pay, and the court having control of the fund was alone competent to determine its sufficiency and the proper proportional payment.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 223; Dec. Dig. § 129.*

Receivers' certificates, see notes to Postal Tel. Cable Co. v. Vane, 26 C. C. A. 350; Nowell v. International Trust Co., 94 C. C. A. 601. ]

2. RECEIVERS (§ 129*)—RECEIVER'S CERTIFICATE—PAYMENT BY RECEIVER—RECOVERY.

Where a receiver in bankruptcy made a partial payment on a receiver's certificate, in disobedience of a court order directing him to pay out no funds except on order of the court, and on suit being subsequently brought by the receiver's successor to recover the amount so paid it was held that the creditor was entitled to a preference out of the fund from which the payment had been made, and that the money should be repaid to the receiver only in case the amount the creditor was entitled to receive was less than the payment, a plenary suit was not necessary to determine that question; it being determined in summary proceedings instituted by the receiver's petition to require the creditor to show cause why the money should not be restored, on which a reference could be had to determine the state of the account.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 129.*]

In the matter of bankruptcy proceedings against C. M. Burkhalter & Co. Petition by Thomas M. Rogers, receiver, for a rule on the People's Savings Bank & Trust Company, to show cause why it should not return a payment by a former receiver. Granted.

Weatherly & Stokely, for People's Savings Bank & Trust Company.

London & Fitts, for receiver.

GRUBB, District Judge. This matter comes on to be heard upon the petition of the receiver for a rule upon the respondent to show cause for not paying back to the receiver $4,285.55, with interest, being the amount paid it by the former receiver in disobedience of an order of court, directing him to pay out no funds thereafter except upon order of court.

The amount was paid by the former receiver as a credit on a claimed indebtedness of the receiver to the respondent of $11,000, evidenced by a receiver's certificate in that amount issued to it for money loaned by it to the receiver. The present receiver disputes the existence of any such indebtedness at the time of the payment. The Circuit Court of Appeals declined to pass upon this issue because of the unsatisfactory condition of the record, and remanded the case,

with instructions that it be referred to the special master to state the account between the bank and the receiver in conformity to its opinion. The opinion was to the effect that whatever indebtedness was due the respondent was a preferred claim against the fund, that the only issue was the amount of such indebtedness, and that the money, though paid wrongfully and in violation of the order of the court, should not be ordered paid back to the present receiver unless and until it was determined upon such reference that there was due respondent out of the fund on its certificate a less amount.

It seems clear from this opinion that the Circuit Court of Appeals (177 Fed. 386) held (1) that the money was wrongfully paid by the original receiver to the respondent, and should for that reason have been restored to the fund in court, except that to do so would be a vain thing, if there was due respondent as much or more out of the same fund; and (2) that the issue as to the amount of such indebtedness to respondent should be determined in the bankrupt cause by a reference to a special master for the purpose of restating the account between the receiver and the respondent, and not in a plenary suit to be brought by the receiver.

.If the money was paid by the original receiver in disobedience to the court's order, it was wrongfully paid by him, whether justly owing to the respondent or not. If the payment was made, not only without the authority of the court, but contrary to its instructions to the receiver, it would be competent for the court to order it restored, regardless of the state of account between the parties. The Circuit Court of Appeals did not hold that the court was without authority to order such payment, but that it would be a useless exercise of it until it was determined that the receiver would not, by the state of the account between the parties, be required immediately to repay it to the respondent. The respondent had accepted the payment without knowledge of the court's prohibition upon the receiver of its payment, and was not in contempt in so doing; so that no useful purpose could be served by ordering it to surrender the money to the court, if it was justly entitled to payment of it again. The power of the court to so order it was not only not denied by the Circuit Court of Appeals, but impliedly sustained.

If the power had been exercised, and the money repaid to the receiver, the respondent would have been put to affirmative action to get his certificate paid. Since the court had the power to put the parties in this attitude, and refrained from doing it only because it might have proved useless, if justice, upon a proper accounting, had demanded repayment to respondent, it would be fair to treat the parties as occupying this attitude. In that event, would the respondent have been entitled to sue the receiver upon his certificate in a plenary suit? The certificate was not an absolute promise to pay. It was a promise to pay only from a fund in court in process of administration and subject only to the orders of the court which was administering it. The payment of the certificate in full was conditioned upon the sufficiency of the fund to answer all claims of equal priority. If insufficient to pay all, proportional payment only could be demanded. The court, in whose control the fund was, was alone competent to de-

termine the sufficiency of the fund and the proper proportional payment, if it was insufficient for payment in full. Referring to such certificates, the court, in the case of Turner v. Peoria & Springfield Railroad Company, 95 Ill. 134, 35 Am. Rep. 144, said:

"It usually appears on the face of such instruments by what authority they were issued, and for what specific purpose. Holders thereof will always be chargeable with notice of these facts. Considerations of the highest concern, to all parties interested in the trust property make it imperative that the court that charges the fund, through its appointed officer, should have the most vigilant care that the property is not improvidently wasted. *All persons dealing in such securities must know that payment can only be coerced by application to the court having the control of the trust property for an order upon its acting officer.*"

The respondent, if the money had not been paid to it by the receiver wrongfully and without authority, could have coerced payment only by petitioning the court having control of the fund to direct its receiver to make the payment. It had no right to demand a determination of its right to payment in a plenary suit. Its position is in no way improved by the wrongful payment to it. Hence the respondent cannot complain of the jurisdiction of the bankruptcy court to order it restored upon condition that petitioner shows that there was no existing indebtedness to the respondent when it was paid, and to determine for itself in a summary proceeding the issue as to the existence of such indebtedness, as it would have had exclusive jurisdiction to do if no wrongful payment had been made. This is what the Circuit Court of Appeals determined, since it directed the remanding of the cause, with instructions "that it be referred to the special master to restate the account between the bank and the receiver in conformity with these views," and not that a plenary suit be instituted by the receiver against the bank to recover the amount so paid.

The petition prays for a rule upon the respondent to show cause why the money should not be restored to the fund by the respondent. This has the effect of bringing the respondent into court. An answer by the respondent that the fund in the custody of the court was indebted to the respondent in a sum equal to or in excess of the amount paid to it by the former receiver will present the issue as defined by the Circuit Court of Appeals. A reference to the special master to state the account between the receiver and the respondent as to such indebtedness will provide the method indicated by the Circuit Court of Appeals to determine this issue.

No order will be made directing the money to be repaid until there has been a determination of the amount, if any, that was due from the receiver to the respondent when the wrongful payment was made. If the parties agree that the issue can be more conveniently determined by the court without a reference, upon testimony now in the record, the matter may be submitted to the court for decision.