In re C. M. BURKHALTER & CO.

ROGERS v. PEOPLE'S SAVINGS BANK & TRUST CO.

(District Court, N. D. Alabama, S. D.    October 21, 1910.)

No. 4,519.

1. BANKRUPTCY (§ 114*)—RECEIVERS—AUTHORITY—BORROWING MONEY.
    The implied power of a receiver in bankruptcy, who is authorized to conduct his business, to purchase on credit and to borrow money exists only in the absence of an express power to borrow, conferred by the court.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

2. BANKRUPTCY (§ 114*)—RECEIVERS—AUTHORITY—BORROWING MONEY.
    Where the court confers on a receiver in bankruptcy authority to borrow a specific sum of money, loans in excess of the amount specified were made in violation of the authority conferred, and would bind the estate only on a showing that the proceeds were used in conducting its business, and then only ratably with the claims of other creditors of the receiver.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

3. BANKRUPTCY (§ 114*)—RECEIVERS—AUTHORITY.
    The action of a bank in undertaking to charge against funds of a bankrupt's estate, deposited with it by the receiver, notes on which it had advanced money to the receiver without authority of court, and in excess of an amount which the court had authorized the receiver to borrow, was wrongful, since the bank had no right to appropriate the trust funds to unauthorized loans until it had been determined by the court that the pro-

ceeds of the loans had been used by the receiver for the benefit of the trust estate, and since it preferred a claim that was entitled to no preference.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

4. BANKRUPTCY (§ 114*)—RECEIVERS—AUTHORITY.

The consent of the receiver in bankruptcy to the action of a bank in charging against the funds of the estate, deposited with the bank by the receiver, notes on which it had advanced money to the receiver without authority of court, did not alter the character of the bank's act; the bank being chargeable with notice of the limitation on a receiver's power to borrow money and of his want of authority to use the trust funds to pay unauthorized loans made to him.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

5. BANKRUPTCY (§ 114*)—RECEIVERS—AUTHORITY.

Where the court authorized a receiver in bankruptcy to borrow $11,000, to be made a preferred claim against the estate, but he borrowed an amount greatly in excess of that sum, and the bank making the loan appropriated $23,000 of deposits from the trust funds to the payment of the unauthorized loan, the preferred claim of the bank for the $11,000 is extinguished, since the deposits of the trust fund were more than sufficient to pay the authorized loan.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

In the matter of the bankruptcy of C. M. Burkhalter & Co. Hearing on motion to confirm the report of master on a reference to restate the account between Thomas Rogers, as receiver, and the People's Savings Bank & Trust Company. Findings against the bank's claim as preferential creditor.

London & Fitts, for plaintiff.
Weatherly & Stokely and A. Latady, for defendant.

GRUBB, District Judge. This matter comes on upon motion to confirm the report of the master, to whom it was referred by previous order of this court for the purpose of restating the account between the receiver and the bank, as directed by the Circuit Court of Appeals. People's Savings Bank & Trust Co. v. Rogers, 177 Fed. 386, 100 C. C. A. 618; Rogers v. People's Savings Bank & Trust Co. (D. C.) 179 Fed. 403. The facts are set out in the opinions in the cases cited.

The issue submitted to the master was whether the bank was a preferential creditor of the receiver in the sum of $4,285.55, or more, on April 26, 1905, the date of the payment by the receiver to the bank of that amount, which is the subject of this controversy. On this issue the master found against the bank. The receiver had been authorized by three orders of the court to borrow $11,000, which the terms of the orders made a preferred claim against the estate. The receiver had in fact borrowed $134,000, of which all but $11,000 had been repaid to the bank prior to April 26, 1905. On that date the receiver, in violation of an order of the court, paid to the bank the sum of $4,285.55, which was applied on the debt of $11,000 then due the bank, and part of which was evidenced by notes, claimed to have been renewals of the notes given the bank for the money originally loaned the receiver under the three orders of the court. The Circuit Court

of Appeals decided that repayment of this sum by the bank to the receiver should depend upon the nonexistence of a preferential indebtedness in favor of the bank, in that or a greater amount, at the time of such payment.

It is conceded that the receiver, prior to the date of such payment, had made deposits to his credit as receiver in the bank from the funds of the receivership, obtained from sources other than discounts from the bank, of approximately $23,000, which the bank had applied with the receiver's consent to the payment of notes of the receiver, not issued under the authority of any order of court, by charging the account of the receiver with such notes. If this money was wrongfully appropriated to the payment of these notes, then it would still have remained to the credit of the receiver on April 26, 1905, the date of the payment in controversy, and in amount would have been more than sufficient to satisfy all the preferential indebtedness of the receiver then outstanding, and the payment to the bank thereafter of the amount in controversy, in violation of the court's previous order and with the result of preferring the bank's unauthorized loans to the other claims against the receiver, would have been wrongful. As to such loans, the bank was entitled, at most, to share ratably with the other creditors of the receiver; the estate being insufficient to fully satisfy all.

For the purposes of this case, it may be conceded that a receiver, who is authorized to conduct a business, for the successful conduct of which the extension of credit and borrowing of money is necessary and customary, has the implied power to purchase on credit and even to borrow money. Such a power will be implied, however, only in the absence of an express power to borrow conferred by the court. In this case, such express power was conferred on the receiver by the court. This express power, was, however, conferred upon him with limitations as to amount. When the receiver exceeded the amount so limited, he acted beyond and contrary to the express authority conferred on him. No authority could arise in his favor, by implication, in conflict with that expressed. Hence the loans made by him, not covered by and in excess of the three orders, were made in violation of the authority conferred on him, and would bind the estate only upon a showing that the proceeds were used in conducting its business, and then only ratably with the claims of other creditors of the receiver.

When the bank undertook to charge against funds of the estate, deposited with it by the receiver, notes on which it had advanced money to the receiver, without authority of court, it did so wrongfully for two reasons. In the first place, it had no right to appropriate the trust funds to unauthorized loans, until it had been determined by the court that the proceeds of the loans had been used by the receiver for the benefit of the trust estate. In the second place, it thereby preferred a claim that was entitled to no preference. It was for the court to determine whether the trust funds were sufficient to pay in full all claims against the receiver. The bank, by its action in appropriating the trust funds without order of court, deprived the court of the opportunity of ratably distributing the fund, if insufficient to pay all, amongst those having equal claims to it. The payment was not

in due course and was in violation of the court's order. Nor could the consent of the receiver to the bank's action improve the situation. The receiver was merely the agent of the court in handling the funds of the estate, and was without authority to direct or consent to a misappropriation of them. The bank was charged with notice of the limitations upon the receiver's power to borrow money and of his want of authority to use the trust funds to pay unauthorized loans made to him. If the law were different, it would always be in the power of a receiver, with the bank's co-operation, to create a preferred indebtedness of double that authorized by the court, by borrowing twice the amount so authorized and applying the trust funds to the payment of the unauthorized portion of the loan to the exclusion of that authorized; the latter portion remaining a first lien on the assets of the estate.

The charging to the trust funds deposited by the receiver with the bank of the unauthorized loans of the receiver, without any order of court authorizing it, was an ineffectual attempt to divest such funds, and left the bank owing the receiver, as its depositor, the amount of the funds so attempted to be divested. The bank, on April 26, 1905, was therefore indebted to the receiver, on his deposit account, at least enough to satisfy the entire preferential debt of $11,000, if then unpaid; it being conceded that prior to that time the bank had appropriated $23,000 of deposits from trust funds, other than discounts obtained from the bank, to the payment of unauthorized notes. If all the authorized loans be considered to have been, not paid, but continually renewed, and were represented by the notes held by the bank on April 26, 1905, amounting to $11,000, they would have been more than satisfied by the amount of trust funds, with which the bank was chargeable as debtor to the receiver on his deposit account on that date.

For this reason, there was no preferential indebtedness outstanding on April 26, 1905, from the receiver to the bank, and the payment by him on that date to the bank of the sum of $4,285.55 was wrongful, and should be returned to the receiver, with interest from that date. Whether the bank has an unpreferred claim against the receiver for the balance due it on unauthorized loans of the receiver is not properly determinable in this proceeding, but in one in which the use made by the receiver of the proceeds of such loans will be in issue, and the claim, if allowed, will be paid ratably with other unpreferred claims against the receiver.