J. HENRY KRAFT

*v.*

THE WEST SIDE BREWERY COMPANY.

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

CORPORATIONS—*when a mortgage loan taken by brewery is not ultra vires.* Loaning money, secured by mortgage, to enable the borrower to erect a building for a saloon and hall in which no beer other than that manufactured by the lender should be sold is within the power of a brewing corporation, as being a legitimate effort to extend the sale of its product, and the defense of *ultra vires* cannot be sustained to a bill to foreclose the mortgage.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

I. T. GREENACRE, (EMIL A. MEYER, of counsel,) for appellant.

WINSTON, PAYNE & STRAWN, (MATT B. PITTMAN, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill filed in the superior court of Cook county to foreclose a mortgage given by appellant to appellee upon certain real estate located in the city of Chicago, to secure the payment of appellant's promissory note for the principal sum of $4000, together with ten interest notes. A decree of foreclosure was entered by the trial court, and an appeal was taken to the Appellate Court for the First District, where the decree of foreclosure was affirmed, and a further appeal has been prosecuted to this court.

The only substantial defense urged by appellant was that of *ultra vires.* It appears from the evidence that appellant was the owner of a lot at the corner of Diversey and Wash-

tenaw avenues, located just outside of the temperance district of Chicago; that an agent of appellee suggested that it might be of mutual advantage to appellant and appellee if appellant would erect a building suitable for saloon and hall purposes upon this lot; that soon thereafter appellant submitted a plan of a building containing a saloon and apartments for the saloon-keeper on the first floor and a hall on the second floor, to appellee, which plan it approved, and agreed to loan appellant $4000 to be used in erecting such building provided it should be given a lease thereon, and that no beer other than that manufactured by appellee should be sold on said premises during the term of said lease. The building was erected in accordance with said agreement and appellant for a period paid the interest on said loan as it fell due. Failing eventually to comply with the terms of said mortgage this bill was filed to enforce its provisions, and appellant seeks to avoid the effect thereof by asserting that appellee has gone beyond its charter powers in making said loan, and that the taking of the mortgage was *ultra vires* and it is therefore wholly void.

Appellee is a corporation organized under the laws of this State, the object of its organization being "the brewing and selling of beer," and it is clear that it had no power to engage, generally, in the business of loaning money. The only question open to discussion is whether the nature of this transaction was within such prohibition. From a careful consideration of the evidence we are of the opinion it was not. A corporation may, for the purpose of advancing the objects and purposes for which it was created, do many acts which, except for their bearing upon the express powers of the corporation, would be *ultra vires.* The following rule was approved in *Best Brewing Co.* v. *Klassen,* 185 Ill. 37: "In exercising powers conferred by its charter, a corporation 'may adopt any proper and convenient means tending directly to their accomplishment, and not amounting to the transaction of a separate, unauthorized business.' " In that case

this court held it to be beyond the power of a corporation organized for the same purpose as appellee, to sign an appeal bond with a third party in a case in which it had no direct interest. In the case of *Central Lumber Co.* v. *Kelter,* 201 Ill. 503, it was held to be within the implied power of a corporation organized for "the purchase and sale of lumber, and all adjuncts for carrying on a general lumber business," to sign a bond for the performance of a building contract as surety with the contractor, who, by reason thereof, purchased the lumber used in the building, of said company, for the reason that the signing of said bond tended directly to promote the sale of lumber, one of the purposes within the charter of the corporation.

We are of the opinion that the loan in this case was within the implied powers of appellee, and made for a purpose not too remotely connected with the promotion of its business to be within the rule laid down in *Central Lumber Co.* v. *Kelter, supra.* The reason for making the loan can under no construction of the facts be held to have been for the purpose usually in view in making real estate loans,—that is, safe security at a satisfactory rate of interest. The testimony of appellant shows that he was the owner of a lot advantageously located for a saloon and hall, and that appellee solicited him to put the same to that use, and agreed to furnish the funds for the erection of the desired building provided it was given the exclusive sale therein of the beer of its manufacture. We are of the opinion that the appellee's motive was clearly to extend the sale of its product and not to engage in the business of loaning money, and that such would be a legitimate result of the transaction, and this being its purpose, the making of said loan cannot be held to have been *ultra vires.* Therefore the judgment of the Appellate Court will be affirmed.                                      *Judgment affirmed.*