## GOTSHAL v. MILL FACTORS CORPORATION.

## In re GARTNER IMPORTING CORPORATION.

(Circuit Court of Appeals, Second Circuit. April 30, 1923.)

No. 220.

Corporations ⊚⟶484(3)—Joint agreement by three corporations operated as unit with a factor held not merely an ultra vires contract of guaranty, but a reasonably necessary agreement binding one which became bankrupt.

Where three corporations engaged respectively in domestic trade in ribbons, in exporting domestic ribbons and in importing ribbons for domestic sale, were controlled by the same stockholder and were operated as a unit, an agreement made jointly by them with a factor, authorizing the factor to transfer amounts from the credit of one to the account of any other, and to use merchandise consigned to any one as collateral for advances to any other, was not merely a contract of guaranty beyond the powers of the corporations, but was a joint agreement reasonably necessary in the conduct of their business to enable them to accomplish their objects, and therefore was binding on one of them, which subsequently became bankrupt.

Appeal from the District Court of the United States for the Southern District of New York.

Under date of December 10, 1919, the following agreement was made with defendant by letter addressed to defendant by Gartner Ribbon Company, Inc., hereinafter called Ribbon Co., Gartner Trading Company, Inc., hereinafter called Trading Co., and Gartner Importing Company, Inc., hereinafter called Importing Co.: "We, the undersigned corporations, acting by and with the authority of all of our stockholders, directors, and officers, do hereby authorize you to transfer at any time at your option, and without consultation with us, any amounts which may be to the credit of Gartner Ribbon Company, Inc., Gartner Trading Company, Inc., or Gartner Importing Corporation, from one to the other account, and we also agree that any and all merchandise consigned to you by any of the three aforementioned may be used by you as collateral against any advances made to any of the above accounts."

Ribbon Co. was organized in 1912, and 63 per cent. of its stock was held by A. V. Gartner and wife. Trading Co. was organized in 1919, and 75 per cent. of its stock was held by A. V. Gartner. Importing Co. (the bankrupt) was organized in 1919, and 75 per cent. of its stock was held by A. V. Gartner. The remaining stockholders in the three corporations were relatives and employés. All three corporations were engaged in the wholesale ribbon business. Ribbon Co. bought and sold ribbons in the United States. Trading Co. bought ribbons in the United States and exported them. Importing Co. (the bankrupt) imported ribbons into the United States and sold them here.

Defendant was engaged in the business of acting as commercial factors for dealers in textiles, and was the successor in interest of the partnership of Kugelman, Frankland & Foreman. The contracts infra were made with that firm, but, with the consent of all concerned, were assigned to and assumed by defendant.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The original factoring agreement was made with Ribbon Co. under date of August 13, 1917, and provided for a commission of 4 per cent. to be paid to the factors. It contained the usual provisions as to advances, merchandise, discounts, and accounts receivable, and rendering of services by the factors. On March 13, 1918, the commission was reduced by agreement to 3½ per cent. on the amount by which the sales exceeded $400,000.

When Trading Co. was organized, it entered, on August 19, 1919, into a similar factoring agreement with defendant. A separate instrument was not drawn, but Trading Co. agreed with defendant that Trading Co. "does hereby assume and agree to be bound by all the provisions of" the contract of August 13, 1917. Similar procedure was followed on December 9, 1919, by Importing Co. The next day the three corporations entered into the agreement of December 10, 1919, supra.

Rounds, Schurman & Dwight, of New York City (John E. Tracy, Frank C. Fisher, and Sylvan Gotshal, all of New York City, of counsel), for appellant.

Samuel J. Rawak, of New York City (Joseph M. Proskauer and J. Alvin Van Bergh, both of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). The sole question requiring attention is whether the agreement of December 10, 1919, is valid as against the trustee in bankruptcy of Importing Co., and hence whether defendant should account as prayed for. The three Gartner corporations did not technically comprise a parent and subsidiary corporations. The senior Gartner was the main stockholder in each, and Ribbon Co. had been in business about seven years, when it was thought wise to expand the business by exporting and importing. The record fully justifies the conclusion that these three corporations were run as one and as complements of each other, although, of course, in the nature of things, some transactions were necessarily individual to each.

There were, however, two major and important objects in mind: (1) That of obtaining the benefit of the reduced (3½ per cent.) commission by the test of the aggregate sales of the three corporations; and (2) that of inducing defendant to make advances indiscriminately to the three corporations. Thus the three corporations were so dovetailed that the agreement with defendant was advantageous to each, enabling each to obtain the advantage of a more liquid cash situation, because of the factor's willingness, in advancing money, to disregard corporate entity in favor of business unity, and also enabling each to do business on a less expensive commission basis, a differential which would grow as the combined sales developed beyond $400,000.

The record is convincing as to the good faith of all concerned, and the arrangement would have been regarded by everybody, including creditors, as displaying good business sense, if all had gone well. The question now, therefore, is solely one of power—intra or ultra vires. In the case of In re John B. Rose Co., 275 Fed. 416, which presented quite a different state of fact, this court, in discussing the question of when a guaranty by a corporation is ultra vires,

cited and analyzed many cases. At the outset of its opinion the court stated the rule:

"A corporation ordinarily is without power to enter into a contract of guaranty, as such a contract is foreign to the objects of its creation and hazards its funds, in a manner unwarranted by the contract which exists between it and the state, and between it and its stockholders. The existence of such a power is sometimes implied, however, when it is necessary to enable a corporation to accomplish the objects for which it is created, or when it is reasonably necessary in the conduct of its business."

Later, at page 424, the court said:

"It has been held in numerous cases that a corporation may enter into a contract of guaranty when reasonably incidental to its authorized business."

And at page 427 the court also pointed out that the presumption of ultra vires was rebuttable.

As suggested by the District Court, the agreement of December 10, 1919, was, perhaps, something more than a guaranty; but, viewing it as a guaranty and nothing else, the question at bar, as also stated by the District Court, becomes one of fact—i. e., whether the agreement under discussion was reasonably necessary in the conduct of the business of these Gartner corporations and incidental to their authorized business to enable them to accomplish the commercial objects for which they were created.

The record answers this inquiry in the affirmative in no uncertain terms. Of the many cases cited, nearly all of which were examined in the Rose Case, supra, it is necessary to refer only to Rogers v. Jewell Belting Co., 184 Ill. 574, 56 N. E. 1017. The fundamental point of that case was that, where stockholders, officers, and directors of two corporations are the same, that fact does not render one corporation liable for the debts of another. Nobody will take issue with that holding.

Such, however, is not the case at bar. The fact that Gartner was the majority stockholder in all three corporations is of slight importance. Here the point is that substantial advantages, mutual in character, were to flow from the agreement, and the subject-matter was distinctly a normal incident of the business of these three corporations.

Decree affirmed, with costs.