## COMMERCIAL NAT. BANK OF WASHINGTON v. LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA.

(Court of Appeals of District of Columbia. Submitted November 5, 1925. Decided December 7, 1925.)

No. 4249.

**1. Principal and surety ⬤⟾59—Contract of suretyship strictly construed, and not extended by implication or presumption.**

A contract of suretyship must be strictly construed, and cannot be extended by implication or presumption, to cover burdens not within its scope.

**2. Principal and surety ⬤⟾155—Declaration in action against surety on contract guaranteeing advances to motor company held demurrable.**

Where contract guaranteeing advances to motor company for purchases of cars provided that such advances should not amount to more than 80 per cent. of wholesale price of cars and should bear interest at 6 per cent. *held*, declaration in action against surety, which showed that advances exceeded 80 per cent. of wholesale price of cars and bore interest at 8 per cent. was bad on demurrer.

**3. Principal and surety ⬤⟾99—Where amount of bank's advances exceeded amount authorized by surety's contract, surety could not be made liable by bank's offer to accept less.**

Where contract guaranteeing advances to motor company for purchases of cars provided that advances should not exceed 80 per cent. of wholesale price of cars and should bear interest at 6 per cent, *held*, bank, making advances in excess of 80 per cent. and charging 8 per cent. interest thereon, could not make surety liable by offering to accept only 80 per cent. and 6 per cent. interest.

Appeal from Supreme Court of District of Columbia.

Action by the Commercial National Bank of Washington against the London & Lancashire Indemnity Company of America. Judgment on demurrer for defendant, and plaintiff appeals. Affirmed.

R. G. Donaldson, Hayden Johnson, C. L. Frailey, and W. H. Holloway, all of Washington, D. C., for appellant.

H. I. Quinn, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. In this case the lower court sustained a general demurrer to the declaration, and entered judgment for the defendant. The sole question before us is whether the court erred in its ruling upon the demurrer.

The plaintiff, the Commercial National

Bank of Washington, for its cause of action alleged in substance that on April 21, 1921, the Motor Company of Washington, as principal, with the defendant, the London & Lancashire Indemnity Company, as surety, duly executed and delivered to plaintiff their joint and several bond, payable to plaintiff, in the sum of $10,000, subject nevertheless to the following condition:

"Whereas, the said bank has agreed to advance to said Motor Company of Washington, from time to time, certain moneys on certain automobiles shipped and consigned to said Motor Company by the Auburn Automobile Company and the Stutz Motor Company, to enable the said Motor Company of Washington to procure the possession of said cars, the said amount to be advanced being not over 80 per cent. of the wholesale price of said cars, taking as its security therefor the note of said Motor Company of Washington, secured by a chattel deed of trust on each car upon which said advances are made;

"And whereas, upon the advancement of said money and the execution and delivery of said note and chattel deed of trust the possession of said automobiles is delivered to said Motor Company of Washington upon its agreement to pay the indebtedness due to said Commercial National Bank secured by the said chattel deed of trust upon the sale of the car securing such note:

"Now, therefore, the condition of the above obligation is such that, if the said Motor Company of Washington shall, out of the proceeds of the sale of such cars as may be covered by said chattel deeds of trust, pay to the said Commercial National Bank the sums so advanced by it on the security of such cars, with interest thereon at 6 per cent. then the above obligation shall be void; otherwise, it shall remain in full force and virtue."

The plaintiff alleged that afterwards, to wit, on May 5, 1921, it advanced to the Motor Company the sum of $2,800, in order to enable that company to procure possession of a certain Stutz automobile, and as security for this advance the company executed its promissory note to plaintiff as of that date for the sum of $2,800, payable one month after date, with interest at the rate of 8 per cent., secured by a chattel deed of trust upon the automobile. Plaintiff alleged that a second transaction of similar import took place between the bank and the Motor Company on August 5, 1921.

The plaintiff complained that the Motor Company by means of these advances pro-

cured possession of the two automobiles referred to, and thereafter sold them and received the proceeds of the sale, but did not, out of such proceeds or otherwise, pay to plaintiff 80 per cent. of the wholesale price of said automobiles, or either of them, with interest at 6 per cent., or any part thereof. Wherefore plaintiff prayed judgment against the defendant, as surety, for the penalty of the bond, or for a sum amounting to 80 per cent. of the wholesale price of the automobiles.

[1, 2] The court held that these allegations were not sufficient in substance to entitle the plaintiff to a judgment in any sum against the defendant. We think that the ruling of the lower court was right. It is a well-established rule that a contract of suretyship should be strictly construed, so as to impose upon the surety only such burdens as clearly respond to the terms thereof, and should not be extended by implication or presumption to cover other burdens not coming within its scope. Brandt, Suretyship, vol. 1, § 139; Baglin v. Southern Surety Co., 41 App. D. C. 530, 537. Therefore, in order to recover in this case, the plaintiff was bound to plead, and, if required, should prove, all facts necessary to show a strict compliance with the terms of the bond.

One of the stipulations of the bond was that the advances to be made by the bank to the Motor Company should not in any case exceed 80 per cent. of the wholesale price of the automobiles. Another was that the sums thus advanced should bear interest at the rate of 6 per cent. The allegations of the petition disclose by fair implication that the amount actually advanced by the bank to the Motor Company, and for which that company became liable, exceeded 80 per cent. of the wholesale price of the cars, and also that it was agreed between the bank and the company that the latter should pay interest at the rate of 8 per cent. upon the sums thus advanced. It is not alleged that the surety consented to these departures from the terms of the bond.

[3] It appears accordingly that the transactions which gave rise to the alleged indebtedness of the Motor Company to the bank were not such as came within the scope of the bond. Consequently the surety was not bound to answer for them, whether or not it would suffer any actual disadvantage because of the variance. Nor can the bank extend the liability of the surety by offering to accept from it 80 per cent. of the wholesale price of the automobiles, instead of 80 per cent. of the excessive amount advanced by the bank, and only 6 per cent. interest, instead of 8 per cent. thereon; for such an adjustment would still leave the transaction outside of the conditions of the bond.

The judgment of the lower court is affirmed, with costs.