## CAKE v. MOHUN.

### APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 123.　Argued November 2, 1896. — Decided November 30, 1896.

After the death of the receiver, this case was properly revived in the name of his executrix.

While, as a general rule, a receiver has no authority, as such, to continue and carry on the business of which he is appointed receiver, there is a discretion on the part of the court to permit this to be done when the interests of the parties seem to require it; and in such case his power to incur obligations for supplies and materials incidental to the business follows as a necessary incident to the office.

A purchaser of property at a receiver's sale who, under order of court, in order to get possession of the property gives an undertaking, with surety, conditioned for the payment to the receiver of such amounts as should be found due him on account of expenditures or indebtedness as well as compensation, thereby becomes liable for such expenditures and indebtedness.

In determining what allowances shall be made to a receiver and to his counsel this court gives great consideration to the concurring views of the auditor or master and the courts below; and it is not disposed to disturb the allowance in this case, although, if the question were an original one it might have fixed the receiver's compensation at a less amount.

THIS was an appeal taken by Horace M. Cake and the administrators of William B. Moses, surety upon a certain undertaking of his to pay Francis B. Mohun, appellee's intestate, such sums as the court should find to be due the latter as receiver of the furniture, equipments and other personal property of the hotel known as La Normandie, in the city of Washington.

The original bill was filed April 23, 1891, by the appellant Cake to foreclose a chattel mortgage or deed of trust executed

by one Woodbury to William B. Moses and John C. Heald, to secure an indebtedness of $75,000 to Cake, and covering the furniture and other personal property in the hotel, a part of which property was also subject to a prior mortgage or·deed of trust to secure the payment of the rent of. the hotel. As it was manifestly for the interest of all parties that the hotel should not be closed, shortly after the bill was filed, and on May 5, 1891, Francis B. Mohun was appointed receiver, with instructions to. take possession of the property, "and to carry on and manage the business of keeping said hotel in substantially the same manner in which it has heretofore been carried on," provided that he gave a bond in the sum of $15,000, conditioned for the faithful performance of his duties as such receiver.

Upon his appointment, Mohun at once took possession of the hotel and personal property as receiver, and carried on the business until December 4, 1891, when he was directed to surrender the property to the appellant Cake, who became the purchaser under a decree of foreclosure, subject to the prior mortgage, as well as the unexpired term of the lease, which was sold by the marshal on an execution against Woodbury. Before taking possession, however, Cake was required to file an undertaking, with surety, conditioned for the prompt payment to the receiver of such amounts as should be found to be due him on account of his expenditures or indebtedness, as well as of his compensation; and also conditioned that a decree might be pronounced against such surety, as well as against the principal obligor, for the payment of such amounts. This undertaking was executed by Cake, with William B. Moses as surety, and was filed December 4, 1891. The undertaking having proved satisfactory to the court, possession was surrendered, and the cause referred, by order of the court, to an auditor, with directions to state the account of the receiver, and directing that all questions as to the payment of expenses incurred by him in the performance of his duties or as to the settlement of his unpaid obligations be reserved until the coming in of the auditor's report. Before the accounts were stated, Moses, the surety upon the undertaking, died intestate,

and the administrators of his estate were brought in and made parties to the cause.

The auditor proceeded to take proof under the reference and stated an account, showing an aggregate sum to be paid to the receiver of $8332.53. This sum was made up as follows:

| | | |
|---|---|---|
| Indebtedness of the receiver incurred in the conduct of the business............................ | $5038 | 74 |
| Allowance for compensation for his services....... | 2793 | 79 |
| Allowance to his counsel........................ | 500 | 00 |
| Total......:............. | $8332 | 53 |

Exceptions were filed to this report by the appellant Cake, by the administrators of Moses as surety upon the undertaking, and by Mohun, the receiver. Upon the hearing of these exceptions, they were all overruled, the report ratified and approved, and a final decree passed for the payment to the receiver of the above amount. All parties appealed from this decree to the Court of Appeals, which affirmed the decree of the Supreme Court of the District, reducing the amount by a small credit of $7.59 to $8324.94. *Cake* v. *Woodbury,* 3 App. Cas. D. C. 60. Before this decree was entered, Mohun having died, his executrix, Martha V. Mohun, was substituted in his place. From this decree of the Court of Appeals, Cake and the administrators of Moses, his surety, appealed to this court.

*Mr. W. L. Cole* for Moses, appellant.

I. The receiver was an officer of the court, discharging duties imposed upon him by its orders. Upon his death his powers and duties could not devolve upon his personal representative.

II. A receiver has no power to contract debts so as to make them a charge on the trust fund without express authority from the court. *Lehigh Coal & Nav. Co.* v. *N. J. Central Railroad,* 35 N J. Eq. 426; *Brown* v. *Hazlehurst,* 54 Maryland, 26; High on Receivers, §§ 175, 188; *Addison* v. *Lewis,* 75 Virginia, 701; *Cowdrey* v. *Galveston, Houston &c. Railroad,*

1 Woods, 331; *S. C.* 93 U. S. 352; *Tripp* v. *Boardman*, 49 Iowa, 410; *Davis* v. *Gray*, 16 Wall. 203, 218.

A party dealing with a receiver must take notice of his want of authority. *Tripp* v. *Boardman*, 49 Iowa, 410; *Kennedy* v. *St. Paul & Pacific Railroad*, 5 Dillon, 519.

He cannot make a contract that will bind his successor. *Lehigh Coal & Navigation Co.* v. *Central Railroad*, 35 N. J. Eq. 426; *Cowdrey* v. *Railroad Co.*, 1 Woods, 331.

Debts contracted without previous authority of the court are subordinate to the secured indebtedness. *Union Trust Company* v. *Illinois Midland Company*, 117 U. S. 434.

III. After the appointment of the receiver the complainant in the bill was no more responsible for the conduct and management of the property than any other party to the suit. He was in no way liable for the acts of the receiver or the debts incurred by him.

" A receiver is not appointed for the benefit of either of the parties, but of all concerned. Money or property in his hand is *in custodia legis.* He has only such power and authority as are given him by the court, and must not exceed the prescribed limits." *Davis* v. *Gray*, 16 Wall. 218.

IV. The amount allowed the receiver for compensation is excessive. A discussion of the proper compensation to be allowed receivers will be found in the following cases: *Farmers' Loan & Trust Co.* v. *Central Railroad*, 2 McCrary, 181; *Woven Tape Skirt Co.*, 85 N. Y. 506; *Stretch* v. *Gowdey*, 3 Tenn. Ch. 565.

*Mr. J. J. Darlington* for appellee.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

1. The first error assigned is to the allowance by the court below of a revival of the case in the name of the executrix of Francis B. Mohun. As the original decree in favor of Mohun was passed March 10, 1893, and as the order making the executrix a party was made by the Court of Appeals January

4, 1894, it would appear that Mohun died after the case had been carried to the Court of Appeals and before it was finally decided. It will scarcely be claimed that a judgment in his favor lapsed by his death, and that no one could be authorized to make it available or collect it. As no one had been appointed to succeed him, and the receivership had, in fact, terminated by the sale of the property and the installation of the purchaser, it would seem that, from the necessities of the case, the right to collect this judgment must have passed to the personal representatives of Mohun. Beyond this, however, one third of the decree was for his own services, and to that extent, at least, his executrix was entitled to represent him, and was properly made a party. While his powers and duties as receiver would not devolve upon his personal representatives, a judgment entered in his favor for his own compensation, and for an indebtedness, for which he had assumed an individual liability, would pass to such representatives, and might be enforced by them. It is impossible that the court should be called upon to appoint a successor for that purpose. That the receiver had in fact assumed a personal liability for the bills contracted by him in the conduct of his business is evident from the very fact that he made claim for the same against the plaintiff Cake and his surety Moses under their undertaking of December 4, 1891. The question whether a receiver has assumed such personal liability or not is one to be determined from the facts and circumstances of the case. *Ryan* v. *Rand*, 20 Abb. N. C. 313; *People* v. *Universal Life Ins. Co.*, 37 N. Y. Sup. Ct. (30 Hun), 142; *Ferrin* v. *Myrick*, 41 N. Y. 315; *Rogers* v. *Wendell*, 61 N. Y. Sup. Ct. (54 Hun), 540; *Schmittler* v. *Simon*, 114 N. Y. 176. See also *Cowdrey* v. *Galveston, Houston &c. Railroad*, 93 U. S. 352, 355.

2. That the receiver exceeded his authority in incurring the indebtedness mentioned in the auditor's report Admitting to its fullest extent the general proposition laid down by this court in *Cowdrey* v. *Galveston, Houston &c. Railroad*, 93 U. S. 352, that a receiver has no authority, as such, to continue and carry on the business of which he is appointed

receiver, there is a discretion on the part of the court to permit this to be done temporarily when the interests of the parties seem to require it. Under such circumstances, the power of the receiver to incur obligations for supplies and materials incidental to the business follows as a necessary incident to the receivership. *Barton* v. *Barbour*, 104 U. S. 126, 135; *Thompson* v. *Phenix Insurance Co.*, 136 U. S. 287, 293.

In the case under consideration the receiver was expressly authorized by the court " to carry on and manage the business of keeping said hotel in substantially the same manner as it has heretofore been carried on" ; and by a subsequent order, was authorized to borrow, not to exceed $8000, for the purpose of paying the rent and other necessary and urgent debts incurred, or to be incurred, on account of the running expenses of the hotel. In view of the fact that the closing of the hotel, even temporarily, would have soon become known to its patrons, and would probably have been attended by a serious loss to the good-will of the business, we think the court did not exceed its authority in directing the receiver to keep it open during the pendency of the suit.

Beyond this, however, appellants are in no condition to make this objection, since in their undertaking of December 4, 1891, they agreed to pay the receiver such sums of money as the court should thereafter find to be due him on account of his indebtedness or expenditures as receiver, or on account of his compensation as such receiver.

3. The assignment that it was error to find that Cake, the plaintiff in the suit, was personally liable for the expenditures and indebtedness of the receiver, is fully met by the above-mentioned undertaking which Cake was obliged to give before taking possession of the property. Had he refused to give this undertaking, it would have been perfectly competent for the court to have required enough of the purchase money to be paid in cash to discharge the expenses of the receivership, and to compensate the receiver. It is true that Cake might not have been personally liable in the absence of this undertaking, but, as he chose to assume this responsibility in order

to obtain immediate possession of the property, and to avoid the payment of any part of the purchase money into court, he is in no condition to set up this defence.

4. The only assignment that strikes us as entitled to any weight is that wherein complaint is made of the amount allowed to the receiver for his compensation, which was itemized by the auditor as follows:

| | |
|---|---|
| Allowance of ten. per cent on the receipts of the business | $2510 81 |
| Allowance of five per cent on the amount received from trustees and paid to George J. Seufferle.. | 31 05 |
| Allowance of five per cent on disbursements of indebtedness | 251 93 |
| Total | $2793 79 |
| Counsel fee | 500 00 |

In view of the fact that the receiver had never been in the hotel business; that he employed a manager at $125, and part of the time at $150 a month, and required of him a bond for the faithful performance of his duties; that he was not prevented from giving his usual attention to his private business, and ordinarily spent only his evenings at the hotel, we are bound to say that, if it had been an original question, we should have fixed his compensation at a considerably less amount.

Upon the other hand, however, as it appears that the hotel was kept open during the summer months at a very considerable loss; that the receiver was obliged to raise money to pay the rent and meet a deficiency each month; that the position was attended with considerable anxiety; that he retained it apparently against his own inclinations and in compliance with the wishes of the parties in interest; that proprietors of other large hotels in Washington testified that $5000 a year was a fair compensation, and there was no evidence to the contrary; that the auditor, upon full consideration of all the facts of the case, made the allowance; that it was subsequently approved by the learned judge of the Supreme Court

of the District, and, upon appeal, by the three justices of the Court of Appeals, we are not disposed to disturb it. Great consideration will be paid to the concurring views of the auditor or master and the courts respecting a mere question of amount. High on Receivers, §§ 781 to 786.

It has been said in a number of cases that an allowance of five per cent upon the receipts and disbursements of the business was a fair compensation to receivers, *Stretch* v. *Gowdey*, 3 Tenn. Ch. 565; but in view of the facts above stated and the further fact that no compensation was allowed him for the custody and responsibility of the large amount of personal property that came into his possession, we are not prepared to say that the allowance was so excessive as to justify us in reducing it.

The reasons given by the auditor for the allowance of $500 counsel fee are full and satisfactory. "The record shows that the receiver was frequently called into court either to answer the call of other parties in the cause or to ask instructions or authority from the court to meet emergencies arising in the business. It is evident that wise and capable advice was needed to protect him in the proper discharge of his duties, both as affecting himself and his responsibility, and as affecting the property entrusted to his charge. In view of what is disclosed in the record and proceedings, I consider the sum so allowed to be reasonable and fair." High on Receivers, § 805.

This disposes of all the errors assigned, and, upon the whole, we think the judgment of the court should be

*Affirmed.*