## NORTHERN FINANCE CORPORATION v. BYRNES.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1925.)

No. 6774.

1. **Receivers ⬤⟲153—Duty of federal court in receivership proceedings to recognize priority of state taxes.**

It is duty of federal court in receivership proceedings to recognize priority of state taxes on land, including penalties, made prior lien by state statutes.

2. **Taxation ⬤⟲576—Property in possession of federal court cannot be levied on, sold, or distrained by state officer for state taxes.**

Property in actual possession of federal court through its receiver cannot be levied on, sold, or distrained by state officer for state taxes.

3. **Subrogation ⬤⟲1—Does not arise from contractual relation, but is equitable doctrine to accomplish substantial justice.**

Doctrine of subrogation does not arise from any contractual relation, but is equitable doctrine designed to accomplish substantial justice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Subrogation.]

4. **Receivers ⬤⟲110—Receivers are officers of court with very limited powers, and in doubtful or important matters should apply to court.**

Receivers for purely private business concerns are officers of court, who, in absence of special authority given by court, have very limited powers, and it is their duty in doubtful or important matters to apply to court for instructions and advice.

5. **Subrogation ⬤⟲23(1)—Mortgagee held not entitled to be subrogated for money loaned to receiver to pay taxes.**

Where mortgage debt was far in excess of value of land, court could have directed receiver not to pay taxes, since there was no equity above mortgage to be saved for benefit of general creditors of estate, and mortgagee was not entitled to be subrogated to state's rights for money loaned to receiver to pay taxes without direction of court.

6. **Receivers ⬤⟲115—Court may allow unauthorized expenditure by receiver beneficial to estate only in clear cases.**

Court may allow unauthorized expenditure by receiver beneficial to estate, notwithstanding lack of previous authority; but this is exception to general rule and should only be made in clear cases.

7. **Receivers ⬤⟲97—Receiver's promise to repay money advanced by mortgagee for taxes held not binding on court; mortgagee bound to take notice of receiver's powers.**

Mortgagee of property in possession of receiver appointed by federal court was bound at his peril to take notice of receiver's powers, and in advancing money to receiver to pay state taxes acted as volunteer, and receiver's promise to repay advance was not binding on court.

8. **Morgages ⬤⟲200(3)—Subrogation ⬤⟲23(1)—Under Missouri law, mortgagee paying taxes cannot sue mortgagor for debt, or on tax lien under law of subrogation.**

Under law of Missouri, mortgagee has right to pay taxes and have payment included in mortgage debt, but payment outside of that relation is voluntary and will not support an independent action for debt against mortgagor, or action on tax lien under law of subrogation.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by the Northern Finance Corporation against James W. Byrnes, receiver of the Forked Leaf White Oak Lumber Com-

pany. Judgment for defendant, and plaintiff appeals. Affirmed.

William S. Bedal, of St. Louis, Mo. (Eliot, Blayney, Bedal & Eliot, of St. Louis, Mo., and Rodney M. Fairfield, of Carthage, Mo., on the brief), for appellant.

Paul Bakewell, Jr., of St. Louis, Mo., for appellee.

Before SANBORN, Circuit Judge, and POLLOCK and SYMES, District Judges.

SYMES, District Judge. One Butler was appointed receiver for the Forked Leaf Lumber Company by the United States District Court for the Southeastern Division, Eastern District of Missouri, on October 23, 1921, in an equity proceeding. The appellant corporation had been for some time previous thereto the owner of certain timber lands in Shannon county, Mo., which it sold to the said lumber company, and to secure part of the purchase price took back a deed of trust thereon dated July 10, 1919, to secure $537,079.22. When the receiver was appointed, as aforesaid, the taxes for 1920 on this land were past due. In June, 1921, the trustees under the deed of trust, together with the appellant and others, by permission of the federal court, brought suit to foreclose this deed of trust in the state court.

Butler as receiver in January, 1922, borrowed from the appellant, the mortgagee, moneys to pay the 1920 taxes, including penalties, part of which he later paid back, leaving a balance due of $4,033.77.

The foreclosure suit in the state court went forward, and on June 18, 1923, the sale took place, and the mortgagee, appellant here, became the purchaser for $300,000; $200,000 less than the amount due on the deed of trust. Later, and on July 2, 1923, appellant petitioned the federal court to have the receiver repay it the balance of this money loaned to the receiver for the purpose of paying the taxes as aforesaid. The court refused to allow the claim, or to allow the appellant to be subrogated to the rights of the state of Missouri for the amount so advanced for taxes.

The case is here on appeal from that order.

[1, 2] It may be conceded at the outset that it was the duty of the federal court to recognize the priority of any claim of the state for taxes which, being a prior lien under the laws of Missouri, became such in the receivership proceedings, and that upon proper application it would have been the duty of the court to make the taxes, including penalties, a prior lien. We might also add that the property being in the actual possession of the federal court, no state officer could have levied upon or sold the real property without permission of the court, or exercise the right of distraint given by the statutes of Missouri. Marshall v. N. Y., 254 U. S. 380, 41 S. Ct. 143, 65 L. Ed. 315; Greeley v. Provident Sav. Bank, 98 Mo. 458, 11 S. W. 980. Many cases are cited by the appellant from Missouri and the federal courts, holding that it is the duty of a receiver to fully recognize and pay taxes as a prior lien to other claims against the estate. But in all these cases application was made to the court, and authority granted the receiver before any payment was made.

[3] Appellant relies upon the doctrine of subrogation; that is, having paid the taxes, it was subrogated to the rights of the state of Missouri. But the authorities cited do not bear out this contention. They are mostly cases where a mortgagor failed to protect the mortgaged property against superior liens, as required by the covenant of the mortgage, and the junior lienor, under the well-established rule, stepped in and paid off the prior claim to protect his own lien, and was allowed to include it in the amount of his debt. This doctrine, as stated in Memphis R. R. Co. v. Dow, 120 U. S. at page 301, 7 S. Ct. 482, 30 L. Ed. 595, does not arise from any contractual relation between the parties, but is an equitable doctrine designed to accomplish substantial justice.

[4] The order appointing the receiver is not exhibited in the record. It is conceded, however, that it merely directed him to continue the business, and that no application was made to the court by the receiver or the appellant at the time for permission to borrow money to pay taxes as aforesaid. Receivers appointed by the federal courts are officers thereof, and in the absence of any special authority given by the court, their powers are very limited. As a rule they can do nothing without express authority. They are at liberty, and are in fact encouraged to apply at all times to the court for instructions and advice, and such is their duty in any doubtful or important matter arising in the course of their duties. Davis v. Gray, 16 Wall. 203, at page 218, 21 L. Ed. 447; Smith v. McCullough, 104 U. S. 25, 26 L. Ed. 637; Union Trust Co. v. Illinois Midland Ry. Co., 117 U. S. 434, at pages 476, 477, 6 S. Ct. 809, 29 L. Ed. 963; Thompson v. Phenix Insurance Co., 136 U. S. 287, 10 S. Ct. 1019, 34 L. Ed. 408; Chable v. Nic-

aragua Canal Construction Co. (C. C.) 59 F. 846. In Thompson v. Phenix Insurance Co., supra, the court said, quoting from Brown v. Hazlehurst, 54 Md. 26, 28:

"There is no doubt of the general rule, and it is a wholesome one, that a receiver will not be permitted to lay out more than a small sum at his own discretion, in the preservation or improvement of the property under his charge; but he should, in all cases where it is practicable, or the circumstances of the case will permit, before involving the estate in expenses, apply to the court for authority for so doing."

What we have said applies to receivers of purely private business concerns as distinguished from those of a quasi public character, such as railroads, etc. There is a broad distinction between the two, as pointed out in Wood v. Guarantee Trust Co., 128 U. S. 416, 9 S. Ct. 131, 32 L. Ed. 472.

[5] It is urged here that the court on application of the receiver would have ordered these taxes paid as a matter of course, and that the estate in the receiver's hands was necessarily benefited to the extent of the moneys advanced by the appellant for that purpose. That does not necessarily follow. This record discloses that the mortgage debt was far in excess of the value of the land, which brought at the sale barely more than half thereof; so that if an application had been made to the court at the proper time for instructions in respect to these taxes, the court might well have concluded not to pay them, as there was no equity above the mortgage to be saved for the benefit of the general creditors of the estate.

[6] There are, of course, exceptions to this rule. Where a court finds an unauthorized expenditure to have been beneficial to the estate, it may adopt and allow the same, notwithstanding previous lack of authority; but exceptions should not be allowed to become the rule, and should be made only in the most clear cases.

[7] Counsel for appellant rest their case on the promise of the receiver to repay the advance, and urges that the court is in equity bound to carry out the promise it in effect made, acting through its receiver. Such is not the law. Appellant was bound at his peril to take notice of the powers of the receiver. When he advanced this money, he acted as a volunteer, and it cannot be stated too strongly that unauthorized agreements of receivers are their individual acts, and do not bind the court in any way.

[8] Further, the appellant has pursued the wrong remedy. It is the law of Missouri

(Horrigan v. Wellmuth, 77 Mo. 542) that a right to pay the taxes inured to the appellant here as mortgagee, and that if he pays them outside of that relation, it would be a voluntary payment, which would not support an action. It will be noted from the chronological statement of fact that this money was loaned by appellant, while the foreclosure proceedings were pending, but before sale. Under the law of Missouri, he could have had the amount of the taxes, under the doctrine of the above and other Missouri cases, included in his mortgage debt, for the payment of which the property was sold before he ever applied to the federal court. In Carter v. Phillips, 49 Mo. App. at page 324, it is held that a mortgagee's claim for such taxes must be enforced as part of the mortgage debt, and not otherwise, and if, as here, the mortgagee permits the property to go to sale without adjustment of his claim for taxes, he would not be permitted to maintain an independent action for debt against the mortgagor, or an action in equity for the enforcement of the tax lien by virtue of the law of subrogation.

The judgment of the lower court is affirmed.