## SHOTKIN et al. v. BEIDLER et al.
## No. 5261.

Circuit Court of Appeals, Third Circuit.
March 12, 1934.

Bernard Shotkin, of Philadelphia, Pa., pro se.

Harry L. Jenkins and Louis E. Levinthal, both of Philadelphia, Pa., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

This appeal is perhaps the last phase of an hitherto irrepressible conflict in respect to administrative costs of a receivership. After a stormy time in the District Court the case came into this court without a record of the decree complained of and has been permitted to stagger through several arguments to this opinion because of our disinclination to deny a hearing to appellants in their own proper persons, uninformed in procedural law, and also because of our disinclination to allow the appellees, by passing out of court on a formal dismissal of the appeal, to remain under the unpleasant accusations which the appellants have made against them. Also, we are inclined to listen, when possible, to any case involving alleged excessive fees however it may limp into court.

In view of the apparent inability, tantamount almost to refusal, of the appellants to produce a record showing the decree which they seek to have reviewed, we directed the appellees to obtain a record, certified by the trial judge, and file it in this court for the appellants, with liberty to state facts in their briefs as informally and freely as the appellants have done in theirs. We were conscious that this was rather arbitrary action but it was the only way ever to reach an end of the trouble.

In the record which the appellees filed and in the briefs of all parties, the facts stated are almost innumerable. For present purposes these will be enough:

The Dollar Cleaners & Dyers, Inc., also known as Virginia Snow Cleaners & Dyers, is a corporation doing a general cleaning and dyeing business. Bernard Shotkin is its president and Joseph Shotkin its principal stockholder. They are the appellants. The corporation operated a laundry and two cleaning and dyeing plants, and also sixty-five stores in and about Philadelphia. Being in business difficulties, due in a measure to war within the industry, in which, we imagine the corporation was not a passive victim, and being in financial difficulties because of overdue payments on leased machinery and of rents, as well as of merchandise accounts amounting to $41,000, the investment of its stockhold-

ers, amounting to $60,000, was about to be swept away. On a bill in equity opportunely filed, Bernard Shotkin was appointed receiver, and later John M. Beidler was appointed co-receiver, with authority to continue the business. On Shotkin's appointment, Louis E. Levinthal, Esquire, was made counsel, and on John M. Beidler's appointment, Harry L. Jenkins, Esquire, was retained as additional counsel for the receivers. The receivership, lasting about eighteen months, was very successful notwithstanding constant conflict between Shotkin and various counsel by him from time to time retained. He had, with personal indifference, a notion that all counsel were not what they should be. Nevertheless, the receivership, doing a business of $400,000, earned $24,000, settled all litigious claims, paid substantially all debts, discharged certain administrative costs, and on its termination by the court turned the property back to the stockholders except money and a mortgage aggregating $7,500 which was reserved to pay administrative costs. These costs, substantially reduced by the court below the figures first suggested, including compensation for auditing services, stenographic work, a fee to the master, and fees of $850 to John M. Beidler, co-receiver, of $2,750 to Louis E. Levinthal and $1,250 to Harry L. Jenkins, counsel for the receivers, aggregated $6,734.35. After their allowance by the court, Shotkin, thinking the fees far too large, especially those allowed counsel, appeared in person and complained bitterly. Notwithstanding all these matters had been threshed out with the court before the decree was signed, the learned judge very patiently allowed Shotkin to present his complaint in the form of evidence before a master and, similarly, allowed the other parties to present evidence at the same time. This reference was hopelessly abortive, with the result that the learned judge held to his first decree of allowances, giving his reasons to the effect that he was familiar with the receivership and, on the facts which all parties had presented to him, was of opinion that the allowances were fair and reasonable and represented the actual worth of the services rendered. We might, on the appeal that followed, stop here under authority of Stuart v. Boulware, 133 U. S. 78, 10 S. Ct. 242, 33 L. Ed. 568, Cake v. Mohun, 164 U. S. 311, 17 S. Ct. 100, 41 L. Ed. 447, Wasmuth-Endicott Co. v. Washington Towers, Inc., 110 N. J. Eq. 1, 158 A. 836, which recognize that such matters are largely discretionary with the judge having the case in hand, and that appellate courts are loath to disturb them in the absence of abuse of discretion. Although in the appellants'

case there is no allegation of abuse of discretion by the judge who made the allowances, there is a subtle imputation to that effect. We find no evidence in the record, informal and open to careless accusation as it is, that sustains it. However, to satisfy the appellants, if that be possible, we have carefully considered all they have said in respect to the services rendered and the fees allowed. We find the receivership of the corporation arose out of a condition involving an unusual number of legal and financial difficulties which required constant attention and action of counsel and the court. For instance, there were sixty-five docket entries in the case. Louis E. Levinthal, counsel for Bernard Shotkin when sole receiver and later when counsel for both receivers, engaged in two hundred and eighty-nine transactions, including only those of which a record was made, and Harry L. Jenkins, counsel for both receivers after the appointment of John M. Beidler, participated in fifty-seven transactions varying in each case from matters of little consequence to matters of substantial and in some instances of grave importance. In scrutinizing these many items, we are satisfied that the fees were fair and reasonable and their allowance contained not a touch of abuse of discretion by the judge.

The appeal is dismissed.