**In re AVORN DRESS CO., Inc.**

**No. 486.**

Circuit Court of Appeals, Second Circuit.

Oct. 9, 1935.

For prior opinion, see 78 F.(2d) 681, modifying order 11 F. Supp. 574.

Isador Lublin, of New York City, for appellant.

Hahn, Abeson & Golin, of New York City (Julius J. Abeson, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

By petition for rehearing the appellant asks us to determine his right to a priority claim, as an expense of administration, for the money loaned by him to the debtor in possession. That question was left open by our former opinion because it was not raised or argued by the appellant. He now asks us to decide it, urging that only delay and expense will result if he is obliged to reintroduce the evidence already presented before the referee and to prosecute a new appeal should the District Court decide that he was not entitled to priority in payment over debts existing on July 26, 1934, when the debtor filed its voluntary petition.

The authorities upon which the appellant relies have been presented in his petition for rehearing, and the appellee, pursuant to permission granted by this court, has filed an answering brief. Expedition and economy will be served by deciding the question on the present record. Accordingly, we shall proceed to do so.

The appellant's contention that the debtor in possession had authority to borrow the sums advanced without obtaining consent of the court has no merit. By the express terms of paragraph 9 of the order of July 26th, the debtor was directed to apply from time to time for such further orders as it might deem necessary for administering the trust, "including power to borrow money on certificates or otherwise and give security therefor." The argument that this provision contemplated only loans of considerable magnitude or for an unusual purpose finds no support in reason or in the authorities; nor, if it did, could the borrowing of $1,950 be deemed inconsiderable in view of the size of this estate. Hence, the discussion must start with the premise that the loans were unauthorized.

As stated in our former opinion, 78 F.(2d) 681, a debtor continued in possession by court order is in a position analogous to that of a receiver in equity. The appellant concedes that the cases hold that parties dealing with a receiver act at their peril and courts, as a rule, refuse to recognize contracts made by a receiver outside the authority conferred upon him. See Union Trust Co. v. Illinois Midland Ry. Co., 117 U. S. 434, 479, 6 S. Ct. 809, 29 L. Ed. 963; Chicago Deposit Vault Co. v. McNulta, 153 U. S. 554, 561, 14 S. Ct. 915, 38 L. Ed. 819; Childs v. Empire Trust Co., 54 F.(2d) 981, 983 (C. C. A. 2); Northern Finance Corporation v. Byrnes, 5 F.(2d) 11, 13 (C. C. A. 8); Byrnes v. Missouri Nat. Bank, 7 F.(2d) 978 (C. C. A. 8); In re Erie Lumber Co., 150 F. 817, 830 (D. C. S. D. Ga.). But it is contended that nevertheless equitable relief may be granted to deserving creditors in exceptional instances, and that the facts at bar present such an instance.

This contention is, however, unavailing. Although it be assumed, for purposes

of argument, that such an exception may be made, it cannot fairly be said that the case at bar comes within it. The sums advanced by the appellant against the unauthorized assignment of accounts were deposited in the debtor's bank account and subsequently drawn out for pay-roll payments. Since pay-roll claims incurred while the debtor was continuing the business under authority of court order would have a priority status, it is urged that a court of equity should give similar priority to the claim of the person who supplied the money so used. The argument is not without force; at first blush, it would seem that no injustice would be done creditors whose claims were subordinate to those of pay-roll claimants, by permitting the appellant to be subrogated to the priority of the latter, and that failure to do so would produce an unjust enrichment of the former. But this view overlooks the fact that continuation of the business has depleted the trust estate originally held for the benefit of the creditors existing on July 26th, and that the order of liquidation would doubtless have been entered earlier, had the court been informed by the debtor, as it should have been, that goods could not be purchased, nor pay-roll obligations met, without pledging the accounts receivable. No emergency is disclosed which required the debtor to find money for the pay roll before an application could be made to the court for leave to borrow it. Under such circumstances, we think that a receiver who advanced his own money for pay roll, instead of bringing the situation to the attention of the court in order that it might determine whether the business should be longer continued, would not be entitled to subrogation to the priority of pay-roll claimants. A lender to the receiver borrowing without authority can certainly stand no higher than the receiver himself.

The authorities which have been brought to our attention are against the allowance of a priority claim to the appellant. In Byrnes v. Missouri Nat. Bank, 7 F.(2d) 978 (C. C. A. 8), a receiver borrowed without authority the sum of $2,000 upon the security of pledged accounts and used the proceeds of the loan to pay for supplies and labor furnished to the receiver. When the pledged accounts were collected the lender asserted a claim against them to the extent of the loan, but despite the use which had been made of the borrowed money, his claim was rejected. In Union Trust Co. v. Illinois Midland Ry.

Co., 117 U. S. 434, 6 S. Ct. 809, 29 L. Ed. 963, it was held that unauthorized loans by a receiver should not be treated as expenses of administration and given priority over existing mortgages, although the proceeds of the loans had been used for such necessaries as repairs, supplies, and pay roll. See, also, Northern Finance Corporation v. Byrnes, 5 F.(2d) 11 (C. C. A. 8); In re Erie Lumber Co., 150 F. 817, 830 (D. C. S. D. Ga.); Union Trust Co. v. Southern Sawmills & Lumber Co., 166 F. 193, 202 (C. C. A. 4); United Surety Co. v. Iowa Mfg. Co., 179 F. 55, 58 (C. C. A. 8).

The question presented upon rehearing must be decided adversely to the appellant's contentions.