## In re PITMAN & BROWN CO.
### No. 57129.

District Court, D. Massachusetts.
June 22, 1938.

Alexander G. Gould, of Boston, Mass., for trustee.

I. J. Silverman and Steuart Rand, both of Boston, Mass., for creditors.

B. A. Brickley, of Boston, Mass., for debtor corporation.

BREWSTER, District Judge.

The trustee, appointed under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, has petitioned for instructions as to his duty arising from the following facts, which are not in dispute:

On February 10, 1936, a plan of reorganization was confirmed which provided inter alia that all costs of administration and other allowances made by the Court were to be paid in cash. On February 19, 1937, on the report of the trustee representing that over 72% of the creditors of the trustee had joined in a request that the business and assets of the debtor be turned back to it and the trustee discharged, a final decree was entered on the report, reciting that all things required by the plan had been, or would be, done; and on the same day an order was entered discharging the trustee.

On May 5, 1937, on the petition of the former trustee alleging in substance that certain of the larger creditors had obtained control of the corporation and that the corporation was refusing to pay the trustee's fees and his indebtedness according to the agreements upon which the final decrees were predicated, a decree was entered vacating the orders and decrees of February 19, 1937, and reappointing the petitioner as trustee under section 77B of the debtor corporation.

The purpose in thus reinstating the trustee was to enable him to secure complete fulfilment of the plan of reorganization by satisfying the indebtedness incurred by him as trustee and all administrative expenses as the plan provided. Since May 5, 1937 the trustee has liquidated to the extent of 70% the indebtedness incurred prior to February 19, 1937, besides meeting current liabilities as they became due. Parties who have intervened in these proceedings and who have claims against the debtor for merchandise sold between February 19, 1937 and May 5, 1937, are asserting a right to priority of payment equal with those creditors whose claims arose prior to February 19, 1937. The trustee asks for instructions in the premises.

The liabilities incurred by the corporation between the date of the trustee's discharge (February 19, 1937) and his reinstatement (May 5, 1937), for convenience referred to as "interim indebtedness," were not incurred pursuant to any authority of the court. My first impression was that the situation called for the application of the rule, adopted in other jurisdictions, that debts of a debtor in possession under section 77B, incurred without authority of court, could not claim priority in payment, In re Avorn Dress Co., Inc., 2 Cir., 79 F. 2d 337, but further consideration has led me to the conclusion that the rule cannot be applied for several reasons.

It is clear that, during the interim, rights of third parties had intervened. If the Court possessed the power to vacate the final decrees, it is obvious that that power could be exercised equitably only when the rights of intervening third parties are fully protected. The trustee, since May 5, 1937, has had the benefits of the interim purchases, and out of the proceeds of sales has paid, in part at least, the 70%

above noted. It would seem quite apparent that the only equitable way of protecting these interim creditors is to give to them the priority of payment for which they ask. See Penn Mutual Life Ins. Co. v. Austin, 168 U.S. 685, 18 S.Ct. 223, 42 L.Ed. 626.

I agree that the order of May 5, 1937, reappointing the trustee, lacks the elements of an original proceeding and that the rights of creditors may well be determined with reference to the date of approval of the petition. The Bankruptcy Act, § 64c, 11 U.S.C.A. § 104(c), contemplated revocation of decrees confirming a composition and provided for the application of property acquired since confirmation to payment in full of claims of creditors for property sold in the interim. While it is not feasible, and probably not possible, to follow the course prescribed by this statute, we can approach it by adopting the principle that all creditors who dealt with the corporation in good faith during the interim should have a prior claim and be paid up to 70% before any further payments are made on claims arising before February 19, 1937.

The trustee is accordingly instructed to pay on the claims of "interim creditors" up to 70% before making any further payments on account of claims arising prior to February 19, 1937, and thereafter payments are to be made proportionately on said "interim claims" and claims arising prior to February 19, 1937. These instructions do not apply to current obligations incurred subsequent to May 5, 1937.