**In re DORR PUMP & MFG. CO.**

**No. 20300.**

District Court, E. D. Wisconsin.

June 25, 1941.

Bloodgood, Passmore & Kemper and E. W. Passmore, all of Milwaukee, Wis., for debtor.

Moran & O'Brien, and J. Arthur Moran, all of Delavan, Wis., for claimants.

STONE, District Judge.

W. C. Heath and other stockholders of the above-named debtor paid wage claims and took from the payees written assignments of their claims against the corporation. The assignments of the wage claims were executed and delivered to claimants at the time they paid the employees an amount equivalent to their wage claims filed against debtor.

Section 182.23 of the Wisconsin Statutes reads as follows: "Stockholders' liability; wages of employes. The stockholders of every corporation, other than railroad cor-

porations, shall be personally liable to an amount equal to the face or par value stock owned by them respectively, and to the consideration for which their non-par value stock in such corporation was issued, for all debts which may be due and owing to its clerks, servants and laborers for services performed for such corporation, but not exceeding six months' service in any one case."

The debtor contends that the claimants have no right to recover their claims against the corporation for the reason that no right of subrogation exists in their favor; that when they paid the wage claimants they discharged a primary liability which arose out of the provisions of the Wisconsin Statute referred to.

■ Claimants have predicated their alleged right to payment of their claims on the written assignments and not on any supposed right of subrogation. The relationship between employer and employee with respect to unpaid wages is that of debtor and creditor, and the right of the employee to those wages is a chose in action and as such may be assigned.

■ The assignments of their earnings by the employees of debtor to claimants are valid and enforceable.

■ Subrogation materially differs from legal assignments. The doctrine of subrogation does not arise from any contractual relationship but is an equitable doctrine designed to accomplish substantial justice. Northern Finance Corporation v. Byrnes, 8 Cir., 5 F.2d 11; Iowa County Bank v. Pittz, 192 Wis. 83, 211 N.W. 134; Lynds v. Van Volkenburgh, 77 Kan. 24, 93 P. 615.

The claimants acquired by purchase the rights of the wage claimants. The objection of the debtor to the claims of the assignees is overruled. The debtor is indebted to W. C. Heath, R. G. O'Connor, F. C. Winkleman, L. A. Duffin, R. H. Lindbaum and Christine Christensen in the amount set forth in the claims filed by the respective claimants, and the claims are allowed as filed.