## In re J. C. GROENDYKE CO.

### GROENDYKE v. GOLD.

#### No. 7910.

Circuit Court of Appeals, Seventh Circuit.

Dec. 4, 1942.

John A. Bussian, of Chicago, Ill., for appellant.

Harold C. Woodward, of Chicago, Ill., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

J. C. Groendyke Company, herein referred to as the corporation, filed a petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. A plan of reorganization was approved by the court, but because the corporation was unable to borrow the money required by the plan, it did not go into effect, and finally a trustee in bankruptcy was appointed.

During the reorganization proceedings, covering a period of over a year, the corporation by order of the court was left in charge of its assets, consisting of an industrial plant and other property estimated to be worth $350,000 as a going concern. Under the court's order, the corporation, while thus in possession, was

to have and exercise all the powers of a trustee in bankruptcy and of a receiver in equity. It was to "manage, maintain, operate and keep in proper condition and repair the assets and property of the Debtor" wherever situated, and "to employ and discharge and fix the compensation of all employees, and to collect and receive the income, rents, revenues and profits of said assets, properties and business, to collect all outstanding accounts, to continue until further order of this Court the business of the Debtor making purchases of supplies and sales of products in the regular course of business, all according to law and subject to such supervision and control by the Court as the Court may exercise by further orders applied for herein." [1]

At the time the corporation took over the possession and operation of its own property under the court's orders, it had on hand $6.28 in cash. During the more than one year it operated and had possession of its property and business, its cash receipts were $5,690.88, and its disbursements were $5,696.79, leaving a balance on hand at the close of the period of 37¢. The corporation reported some bills unpaid, including $3,697.51 which the appellant had advanced to the corporation during the period it was in possession and operating the business and property of the corporation. The appellant was an officer and director of the corporation, and its operating head.

The referee found the liabilities incurred and not paid were reasonable and were made in good faith in the conduct and operation of the corporation's business during the period in question and should be paid, except that the claim of the appellant, R. C. Groendyke, should not be allowed as a part of the operating expenses of the period, because the corporation had obtained no specific authority from the court to borrow the money from the appellant. The referee denied the allowance of the appellant's claim as a part of the expenses of administration during the reorganization proceedings, but did allow it as a general claim against the bankrupt. The District Court on a petition for review affirmed the order of the referee. Hence this appeal.

The question we are asked to decide is whether the corporation was required, under the circumstances, to obtain the consent and authorization of the court to borrow the money from the appellant, in order that the appellant's claim might be entitled to allowance as expenses of the reorganization proceedings.

██ The corporation had no working capital. Its income was pitifully small. Such expenditures as were made were for bare necessities incurred in the preservation and protection of the property and the conduct of the small amount of business that was carried on. These expenses the court found were incurred in good faith and were reasonable. That portion of the liabilities unpaid which was not owing to the appellant was allowed as operating expenses and as costs of administration. The expenses defrayed by the money advanced by the appellant were expenses of the same kind, and, in our opinion, the loan should have received like treatment. Under the orders of the court and under the authority of the Bankruptcy Act, 11 U.S.C.A. § 588, where the debtor is, in a reorganization proceeding, left in possession of its property, it has the power of a trustee in bankruptcy.

██ The court had not forbidden the corporation to borrow money, as in the case of In re Avorn Dress Co., Inc., 2 Cir., 79 F.2d 337, much relied on by the appellee. It had left the corporation in charge of its own property, with authority to preserve, protect and operate it, and this carried with it the right to incur such obligations as might be necessary for the purpose of carrying out the court's orders in the conduct in the ordinary way of the corporation's business. In re C. M. Burkhalter & Co., D.C., 182 F. 353, 355; In re Erie Lumber Co., D.C., 150 F. 817, 828; Chicago Deposit Vault Co. v. McNulta, 153 U.S. 554, 561, 14 S.Ct. 915, 38 L.Ed. 819; Cake v. Mohun, 164 U.S. 311, 315, 316, 17 S.Ct. 100, 41 L.Ed. 447; Thompson v. Phenix Ins. Co., 136 U.S. 287, 293, 294, 10 S.Ct. 1019, 34 L.Ed. 408; Collier on Bankruptcy, 13th Ed., Vol. 1, page 83; Clark on Receivers, 2d Ed., Vol. 1, page 538.

██ If the corporation had the implied authority under the circumstances, as we think it did, to incur the obligations for materials, supplies and services, then it makes no difference whether the obligation therefor runs to the person who furnished

---

[1] The quotations are from the court's order.

the supplies, materials and services, or to some one who advanced the money to the corporation to pay therefor, provided always such materials, supplies and services were furnished in good faith and were received by the corporation and the price therefor was reasonable and fair, and such materials, supplies and services were necessary for the purpose of carrying out the court's orders.

We are therefore of the opinion that under the limited circumstances of the case at bar, the corporation was not required to obtain in advance an order of the court to authorize it to accept the loan of the funds advanced by the appellant. Such liabilities should have been considered as a part of the expenses of administration during the pendency of the reorganization proceedings.

The judgment of the District Court is reversed, with instructions to proceed in accordance with this opinion.